**William Turner WILLIAMS, Jr., Plaintiff–Appellant,**

v.

**The CITY OF NEW YORK; Vivian Potter, individually and unidentified New York City Police Department Personnel, individually; Police Department, Police Department Personnel, individually, Defendant–Appellee.**

No. 03–0327.

United States Court of Appeals, Second Circuit.

Jan. 21, 2005.

S. Jean Smith, New York, NY, for Appellant.

Julie Steiner, Senior Counsel, Appeals Division (Michael Cardozo, Corporation Counsel, on the letter brief), The City of New York Law Department, New York, NY, for Appellees.

Present: KEARSE, CABRANES, Circuit Judges, and KORMAN, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Plaintiff William Turner Williams, Jr., brought 42 U.S.C. § 1983 civil rights claims against defendants in connection with his arrest for a February 2000 stabbing incident. Following a DNA analysis that implicated others, the indictment against him was dismissed *sua sponte* by the state court. In his action, Williams alleged that defendants falsely arrested and imprisoned him, and maliciously prosecuted him.

The District Court granted defendants' motion for summary judgment because it found as a matter of law that defendants had probable cause to arrest and prosecute Williams, and Williams thus could not make out a claim for false arrest or imprisonment, or malicious prosecution. Alternatively, the District Court found that (1) because there was arguable probable cause to arrest Williams, individual defendant Detective Vivian Potter was entitled to qualified immunity, (2) there could be no

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

municipal liability where the individual municipal actors had not violated plaintiff's constitutional rights, and (3) because Williams asserted only "vague and conclusory" allegations regarding New York City and the New York Police Department, his complaint was deficient as a matter of law with respect to the municipality defendants. We agree, substantially for the reasons stated by Judge Motley in her thorough Opinion of October 23, 2003. *See Williams v. City of New York,* No. 02–Civ–3693, 2003 WL 22434151 (S.D.N.Y. Oct.23, 2003).

We have considered each of Williams' arguments on appeal, and we conclude that they are all without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**